UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PATRICK DEPALMER,<br><br>                       Plaintiff,<br>     v.<br><br>JIAN ZHU, et al.,<br><br>                       Defendants. | CASE NO. C19-1449JLR<br><br>ORDER TO SHOW CAUSE |

Before the court is Defendant Avis Budget Car Rental, LLC's ("Avis") notice of removal. (*See* Not. of Removal (Dkt. # 1).) For the reasons stated below, the court ORDERS Avis to show cause, within ten (10) days of the filing date of this order, why this matter should not be remanded to state court for lack of subject matter jurisdiction.

**A.**     **Avis's Notice of Removal**

Plaintiff Patrick Depalmer filed this lawsuit in King County Superior Court on July 31, 2019. (*See* Compl. (Dkt. # 1-2) at 6.) Avis removed this case to federal court on September 11, 2019, and invoked diversity jurisdiction under 28 U.S.C. § 1332. (*See*

Not. of Removal at 2-5.) Avis states that Mr. Depalmer "is a resident of Washington State, . . . Defendant Jian Zhu is a resident of China and Avis is a Delaware corporation with its headquarters in New Jersey." (*See id.* at 2.) Although Mr. Depalmer's complaint does not specify the amount of the damages sought, Avis states that "plaintiff's counsel has represented to Avis' counsel that the claimed damages in this case exceed $75,000." (*See id.* at 5 (citing Umlauf Decl. (Dkt. # 2) ¶ 4 ("Plaintiff's counsel, Mr. Edward Le, confirmed via telephone that plaintiff is claiming more than $75,000 in damages.").)

**B.     Diversity of Citizenship**

The party invoking jurisdiction must allege facts that establish the court's subject matter jurisdiction. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). Although Avis avers that Mr. Depalmer is a "resident" of Washington State, residency alone is insufficient to convey Mr. Depalmer's citizenship for diversity purposes.

Additionally, Avis states that "Avis is a Delaware corporation with its headquarters in New Jersey." (*See* Not. of Removal at 2.) However, Avis makes no representation as to the citizenships of Avis's members. (*See generally id.*) A limited liability company has the citizenships of all of its members. (*See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (examining the citizenship of a limited partnership whose partners included limited liability companies by looking to the citizenship of the members of those limited liability companies). Thus, as it stands, Avis has not properly established diversity of citizenship.

//

//

## C. Amount in Controversy

"Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *see also* 28 U.S.C. § 1446(c)(2). In determining whether jurisdiction has been established, courts may consider facts "presented in the removal petition as well as 'any summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Matheson*, 319 F.3d at 1090 (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).

Here, the allegations in the complaint and notice of removal are insufficient for the court to determine whether the requisite amount in controversy has been established. The complaint itself does not specify the amount of the damages sought. (*See generally* Compl.) The only "summary-judgment-type evidence" Avis submits is a single sentence regarding a representation from Mr. Depalmer's counsel. A judicial admission of a fact may in some cases be sufficient to establish that the amount in controversy requirement is met. *See Singer*, 116 F.3d at 376. Here, however, the court does not have before it a judicial admission from Mr. Depalmer or his counsel. Instead, all Avis has submitted is a statement by Avis's counsel. (Umlauf Decl ¶ 4 ("Plaintiff's counsel, Mr. Edward Le, confirmed via telephone that plaintiff is claiming more than $75,000 in damages.").) This is insufficient to establish the amount in controversy by a preponderance of the evidence.

**D. Order**

For the reasons set forth above, the court ORDERS Avis to file a written response to this order, within ten (10) days from the filing date of this order. Avis's response must (a) properly allege the citizenship—not the residence—of Mr. Depalmer; (b) properly allege the citizenship of each member of Avis, and if any member of Avis is itself a limited liability company, each of that company's members, until each layer of limited liability company membership is reduced to the individual members; and (c) provide "summary-judgment-type evidence" demonstrating by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs, under 28 U.S.C. §1332(a). If Avis fails to remedy the deficiencies identified in this order by the deadline, the court will remand this matter to state court.

Dated this 22nd day of November, 2019.

JAMES L. ROBART
United States District Judge