UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PATRICK DEPALMER,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>JIAN ZHU, et al.,<br><br>　　　　　　Defendants. | CASE NO. C19-1449JLR<br><br>ORDER QUASHING SERVICE AND ALLOWING ADDITIONAL TIME TO EFFECT SERVICE |

## I.　INTRODUCTION

Before the court is Defendant Jian Zhu's motion to dismiss Plaintiff Patrick DePalmer's claims against Mr. Zhu with prejudice based on Mr. DePalmer's alleged failure to sufficiently serve Mr. Zhu within the applicable statute of limitations.  (Mot. (Dkt. # 27).)  Mr. DePalmer opposes the motion.  (*See* DePalmer Resp. (Dkt. # 29).)  Defendant Avis Budget Car Rental, LLC ("Avis") also opposes the motion and asks the court to provide Avis and Mr. DePalmer additional time to allow one of them to find Mr. Zhu in China and effect service.  (*See* Avis Resp. (Dkt. # 31).)  Having considered the

1  submissions of the parties,[1] the balance of the record, and the relevant law, the court
2  CONSTRUES Mr. Zhu's motion as a motion to quash service, GRANTS that motion,
3  and GRANTS Mr. DePalmer and Avis an additional 60 days to locate and properly serve
4  Mr. Zhu.

## II.  BACKGROUND

Mr. DePalmer alleges that on September 15, 2017, he was rear-ended by Mr. Zhu while driving on State Route 508 in Lewis County, Washington. (*See* FAC (Dkt. # 26) ¶¶ 4.2-4.4.) Mr. DePalmer brings a negligence claim against Mr. Zhu. (*Id.* ¶ 4.8.) He also brings claims of negligent entrustment and respondeat superior against Avis, whom Mr. DePalmer alleges rented Mr. Zhu the vehicle he was driving. (*Id.* at 4-5.)[2] Finally, Mr. DePalmer brings a respondeat superior claim against Defendant Suparna Airlines Company Limited ("Suparna"), whom Mr. DePalmer alleges was Mr. Zhu's employer at the time of the car collision. (*Id.* at 5.) Mr. DePalmer originally filed a lawsuit on July 31, 2019, in King County Superior Court. (Not. of Removal (Dkt. # 1).) On September 11, 2019, Avis removed the lawsuit to federal court on the basis of diversity jurisdiction. (*Id.*)

Mr. DePalmer properly served Avis with the summons and complaint on August 13, 2019 (*See* Ormbsy Decl. (Dkt. # 31) ¶ 2, Ex. 1), but he has had difficulty locating and

---

[1] None of the parties have requested oral argument, and the court finds it unnecessary. *See* Local Rules W.D. Wash. LCR 7(b)(4).

[2] There are multiple paragraphs labeled as 6.1, 6.2, and 6.3 in the amended complaint. (*See* FAC at 4-5.) For clarity, the court refers to page numbers rather than paragraphs for these portions of the amended complaint.

1  serving Mr. Zhu since the beginning of this case (*See* 4/3/20 Kittleson Decl. (Dkt. # 17-1)
2  at 1).  Mr. Zhu's rental car paperwork from Avis shows his listed address as that of a
3  Boeing office.  (*Id*. at 1-2.)  After the collision, Mr. Zhu's name was listed on the police
4  report as "Liu," and the address he provided to the police was for a hotel.  (*Id*. at 1.)
5  According to the police report, Mr. Zhu was visiting from China for training, and he
6  provided a driver's license from China that the officer was unable to read.  (Titchbourn
7  Decl. (Dkt. # 28) ¶ 5, Ex. C ("Police Report").)

8      Upon filing the lawsuit almost two years after the collision, Mr. Deplamer's counsel
9  and process server were unable to locate Mr. Zhu in Washington and ran a skip trace,
10 which showed an address for Mr. Zhu in Fort Worth, Texas.  (10/26/20 Kittleson Decl.
11 (Dkt. # 29-1) at 1, Ex. A ("Service Affidavit").)  Based on this, Mr. DePalmer attempted
12 service on May 19, 2020, through Washington's Secretary of State under Washington's
13 Nonresident Driver Statute, listing the hotel from the police report and the Fort Worth
14 address for Mr. Zhu.  (*Id.* at 2, Ex. B); RCW 46.64.040.  On July 15, 2020, Mr. DePalmer
15 also took a 30(b)(6) deposition of Boeing, which had reserved the rental car on Mr. Zhu's
16 behalf.  (Ormsby Decl. ¶ 5, Exs. 7-8 ("Boeing Deposition").)  Boeing provided a phone
17 number and email for Mr. Zhu and testified that Mr. Zhu was an inspector for the Civil
18 Aviation Authority of China who was visiting Seattle to assist with the delivery of an
19 aircraft to Suparna Airlines.  (*Id*.)  Other than the attempted service through the
20 Nonresident Driver Statute, Mr. DePalmer has not served Mr. Zhu.  (*See generally*
21 DePalmer Resp.)
22 //

Mr. DePalmer has not been alone in failing to locate Mr. Zhu. Avis conducted internal searches to obtain more information regarding Mr. Zhu. (Ormsby Decl. ¶ 4, Ex. 3.) Avis identified possible addresses for Mr. Zhu in Fort Worth, Texas, and Missouri City, Texas, and sent letters to both addresses before receiving a response from a Jian Zhu in Texas stating that he was not the Jian Zhu in this lawsuit. (*Id.* ¶ 3, Exs. 4-6.) On October 7, 2020, Avis hired a private investigator to find Mr. Zhu. (*Id.* ¶ 7.) This private investigator had not located Mr. Zhu as of October 26, 2020. (*See* Avis Resp. at 3.)

As of October 8, 2020, Mr. Zhu's counsel has also not been able to locate or contact Mr. Zhu. (Titchbourn Decl. ¶ 6.)

### III. ANALYSIS

The court lays out the applicable legal standard before applying it to the facts here.

**A.  Legal Standard**

Rule 12(b)(5) authorizes a defendant to move for dismissal due to insufficient service of process. *See* Fed. R. Civ. P. 12(b)(5); Fed. R. Civ. P. 4. A federal court cannot exercise jurisdiction over a defendant unless the defendant has been properly served under Rule 4. *Direct Mail Specialists, Inc. v. Eclat Computerized Tech.*, 840 F.2d 685, 688 (9th Cir. 1988). Without substantial compliance with Rule 4, "'neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction.'" *Id.* (quoting *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986), *amended*, 807 F.2d 1514 (9th Cir. 1987)). "Once service is challenged, [a] plaintiff[] bear[s] the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). A plaintiff meets his *prima facie* burden to show that service was proper

by producing the process server's affidavit of service. *Wells Fargo Bank NA v. Kuhn*, No. CV137913GAFFFMX, 2014 WL 12560870, at *2 (C.D. Cal. July 23, 2014). "Unless some defect in service is shown on the face of the return, a motion to dismiss under Rule 12(b)(5) requires [the] defendant to produce affidavits, discovery materials, or other admissible evidence establishing the lack of proper service." *Id.* (internal quotation marks omitted). The burden then shifts back to the plaintiff "to produce evidence showing that the service was proper, or creating an issue of fact requiring an evidentiary hearing to resolve." *Id.* (internal quotation marks omitted).

In its discretion, the court may treat a motion to dismiss for insufficient service of process as a motion to quash service. *See S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006) (citing *Stevens v. Sec. Bank Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976) ("The choice between dismissal and quashing service of process is in the district court's discretion.")). Where it appears that effective service can be made and there is no unfair prejudice to the defendant, quashing service rather than dismissal and leaving the plaintiff free to effect proper service is the appropriate course. *See Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992). Indeed, "the simplest solution" in those cases in which it is not clear whether proper service has been made "is to quash process and allow the plaintiff another opportunity to serve the defendant." 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1354 (3d ed. 2008). A showing of good cause is not required for the court to allow additional time for service. *See Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007); Fed. R. Civ. P. 4(m).

//

**B.     Lack of Proper Service**

Mr. Zhu contends that he cannot be served under Washington's Nonresident Driver Statute because he is a Chinese citizen residing in China.  (Mot. at 4 (citing *Larson v. Yoon*, 351 P.3d 167 (Wash. App. Ct. 2015).)  But Mr. DePalmer does not contend that service can be effected on a Chinese resident who resides in China under RCW 46.64.040.  (*See generally* DePalmer Resp.)  Instead, he argues that attempting service through the Washington Secretary of State according to the process laid out in RCW 46.64.040 meets his *prima facie* burden of proper service and shifts the burden to Mr. Zhu to demonstrate that RCW 46.64.040 does not apply, which he maintains that Mr. Zhu has not met.

The court finds that Mr. DePalmer has not met his *prima facie* burden of proper service.  According to the police report, one of a very limited number of sources of information regarding Mr. Zhu, he was visiting from China and produced a Chinese driver's license after the collision.  (*See* Police Report.)  This information, combined with the lack of any apparent valid United States address, strongly suggests that Mr. Zhu did not reside in the United States at the time of the collision.  Even if attempting service through Washington's Nonresident Driver Statute did constitute a *prima facie* showing of service, the police report, combined with Boeing's testimony that Mr. Zhu was a visiting employee of the Civil Aviation Authority of China, would rebut that *prima facie* showing.  *See Wells Fargo*, 2014 WL 12560870, at *2.  Mr. DePalmer has not demonstrated that Mr. Zhu has been properly served.

//

**C.    Granting Additional Time for Service**

Avis does not contest that Mr. Zhu has established he is a Chinese citizen who does not reside in the United States.  (*See generally* Avis Resp.)  Instead, Avis requests that the court allow an additional 90 days so that Avis's private investigator can locate Mr. Zhu in China and effect service.  (*Id.* at 5.)  The court agrees.

Washington law provides that service on one defendant tolls the statute of limitations as to the other, not-as-yet served defendants.  *See Sidis v. Brodie/Dormann, Inc.*, 815 P.2d 781, 783 (Wash. 1991).[3]  Thus, there is no unfair prejudice against Mr. Zhu because the statute of limitations has been tolled through the proper service of Avis.  Further, while a showing of good cause is not required for the court to extend the time allowed for service, *Efaw*, 473 F.3d at 1040, the court notes that Mr. DePalmer appears to have diligently pursued proper service by running a skip trace, attempting service through Washington's Nonresident Driver Statute, and deposing Boeing to learn more about Mr. Zhu's whereabouts.  As such, the court finds it proper to allow what remains of the 90 additional days that Avis requested for its private investigator to locate and serve Mr. Zhu.

//

---

[3] Because service of Avis preceded removal, Washington procedural law governs the tolling of the statute of limitations.  *See, e.g.*, *Anderson v. Allstate Ins. Co.*, 630 F.2d 677, 682 (9th Cir. 1980) ("We are persuaded that the question whether . . . [the amended complaint] was time-barrred, is governed by the law of California because the relevant amendments and service of process preceded removal to federal court.") (citing *Butner v. Neustadter*, 324 F.2d 783, 785 (9th Cir. 1963); *Talley v. Am. Bakeries Co.*, 15 F.R.D. 391, 392 (E.D. Tenn. 1954) (holding that federal rules apply only after removal "and neither add to nor abrogate what has been done in the state court prior to removal"); Fed. R. Civ. P. 81(c) ("These rules apply to a civil action after it is removed from a state court.").

Therefore, the court construes Mr. Zhu's motion as one to quash service rather than dismiss. The court grants this motion to quash and further grants Mr. DePalmer and Avis leave of 60 days from the date of this order to complete service of the summons and complaint on Mr. Zhu.[4]

### IV. CONCLUSION

For the reasons set forth above, the court CONSTRUES Mr. Zhu's motion as a motion to quash service (Dkt. # 27) and GRANTS Mr. Zhu's motion to quash service. The court further ORDERS that Mr. DePalmer and Avis be given leave of 60 days from the date of this order to complete service of the summons and complaint on Mr. Zhu.

Dated this 2nd day of December, 2020.

JAMES L. ROBART
United States District Judge

---

[4] While Avis requested 90 days, a month has passed since the parties fully briefed the issues for this order. (*See generally* Dkt.) Thus, the court grants 60 days.